UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE MCCLUER,<br><br>         Plaintiff,<br><br>v.<br><br>SUN LIFE ASSURANCE COMPANY OF CANADA *et al.*,<br><br>         Defendants. | Case No.: 21-CV-8-GPC(WVG)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DISCOVERY**<br><br>**[Doc. No. 12.]** |

In this ERISA action, Plaintiff seeks additional life insurance payments under a policy's accidental death provision. She now moves for leave to conduct limited discovery. Because Plaintiff has met her burden to establish that the proposed discovery is appropriate, the motion is GRANTED.

## I. LEGAL STANDARD

The decisions made by administrators of ERISA plans are generally subject to de novo review. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989). When the district court conducts a de novo review of an ERISA plan's denial of benefits, its task is "to evaluate whether the plan administrator correctly or incorrectly denied benefits." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) (en banc). The court must

act without deference to the administrator's decision. *Atwood v. Newmont Gold Co., Inc.*, 45 F.3d 1317, 1323 (9th Cir. 1995).

Ninth Circuit jurisprudence has established that ERISA cases generally limit discovery to the administrative record that existed before the claim administrator when the claim determination was made, unless exceptional circumstances exist. *See Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999). The district court has discretion to allow additional evidence "only when circumstances clearly establish that additional evidence is necessary to conduct an adequate de novo review." *Mongeluzo v. Baxter Travenol Disability Benefit Plan*, 46 F.3d 938, 944 (9th Cir. 1995) (quoting *Quesinberry v. Life Ins. Co.*, 987 F.2d 1017, 1025 (4th Cir. 1993) (en banc) (internal quotation marks omitted)).

The party seeking to introduce extrinsic evidence must make more than "[a] bare showing of relevancy." *Blaj v. Unum Life Ins. Co. of Am.*, No. 13CV4075-MMC(KAW), 2014 U.S. Dist. LEXIS 82539, 2014 WL 2735182, at *4 (N.D. Cal. June 16, 2014). A district court has discretion to consider evidence outside of the administrative record, though it "must be narrowly tailored and cannot be a fishing expedition." *Groom v. Standard Ins. Co.*, 492 F. Supp. 2d 1202, 1205 (C.D. Cal. 2007).

## II.  DISCUSSION

The discovery Plaintiff seeks here is narrowly limited to the plan documents that the decedent received from either his employer or Defendant. (Doc. No. 12 at 6 (seeking "documents [that] were provided to him as part of the benefit plan . . . .").) These include any summary of benefits he may have been provided. Plaintiff contends she does not have the ability to otherwise obtain these documents because her husband, the covered insured, is deceased. Plaintiff simply seeks to obtain whatever documents—whether they be the entire policy or a summary of benefits—were provided the decedent. As an initial matter, the Court finds this request is very narrowly tailored, would not be burdensome on either Defendant or the decedent's employer, and would not constitute a "fishing expedition." The Court thus turns to the necessity of these documents in this case.

Citing *Weis v. Accidental Death & Dismemberment Ben. Plan of Kaiser Found. Health Plan Inc.*, 442 F. Supp. 2d 850, 853 (N.D. Cal. 2006), Plaintiff states that that "court held that where a summary of benefits is distributed to insureds instead of the policy itself, then that summary of benefits should be considered in determining whether the *Brooks* proximate cause standard should be applied."[1] (Doc. No. 12 at 6.) Although Plaintiff does not flesh this argument out, the Court agrees that a summary of benefits may be relevant and necessary upon Judge Curiel's consideration of the correct definition of the policy's "Accidental Bodily Injury" provision—a definition that is hotly contested by the parties. Plaintiff further contends that if the "Court agrees with Plaintiff [that Defendant applied too narrow of a definition and rather the definition in *Brooks* applies] . . . , the Court must either remand the case back to Sun Life for a reevalution of the claim, or reevaluate the claim itself considering additional evidence outside of the administrative record presented by the parties." (*Id.* at 5; *see generally Stokes v. Police & Firemen's Ins. Asso.*, 243 P.2d 144, 147-48 (1952) ("It is our opinion that it is now the settled law of this state since the *Brooks* decision that a recovery may be had under the provisions of a policy providing for payment where 'death is caused by external, violent and accidental means, independent of all other causes' and 'excluding payment where death is caused wholly or in part by disease' if the accident is the proximate cause and sets in motion a chain of events leading directly to death, notwithstanding the fact that a preexisting disease contributed to the death.").)

Defendant counters that whatever documentation the decedent may have received is wholly irrelevant because only the terms of the master policy control. (Doc. No. 13 at 5.) However, this is not accurate. As the court in *Weis* explained, a provision in a summary of benefits that conflicts with the master policy may weigh in the insured's favor under the "doctrine of reasonable expectations." *Weis*, 442 F. Supp 2d at 853. Under this doctrine, a

---

[1] Defendant does not address *Weis* in its opposition.

conflicting summary of benefits or policy provided to an insured may become relevant because, "[i]n general, courts will protect the reasonable expectations of applicants, insureds, and intended beneficiaries regarding the coverage afforded by insurance carriers even though a careful examination of the policy provisions indicates that such expectations are contrary to the expressed intention of the insurer." *Saltarelli v. Bob Baker Group Medical Trust*, 35 F.3d 382, 386 (9th Cir. 1994) (quoting Robert E. Keeton & Alan I. Widiss, *Insurance Law: A Guide to Fundamental Principles, Legal Doctrines, and Commercial Practices* § 6.3 (West 1988)).

Further, the master policy is not the only controlling document; a summary of benefits can also be relevant because it "is part of the ERISA plan." *Bergt v. Ret. Plan for Pilots Employed by Mark Air, Inc.*, 293 F.3d 1139, 1143 (9th Cir. 2002). Moreover, when a master policy and summary conflict, the document that is more favorable to the insured governs. *Id.* at 1145. Thus, while Defendant wishes to rely solely upon the language of the master policy, a conflicting summary of benefits—if one even exists—may impact Judge Curiel's deliberations in the future. That may or may not ever happen in the end, but this Court is not prepared to foreclose such a possibility from the start. And given the limited scope of the discovery request, the Court finds good cause to grant it.

### III.  CONCLUSION

For the reasons set forth above, Plaintiff is granted leave to conduct limited discovery in the form of a document request to Defendant for any plan documents and a document subpoena to the decedent's employer for the same. The parties shall file a joint status report every 21 days starting from the date of this Order explaining where in the process the parties are and how long before the process completes.

**IT IS SO ORDERED.**

DATED:  April 1, 2021

_____
Hon. William V. Gallo
United States Magistrate Judge