# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE MCCLUER,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SUN LIFE ASSURANCE COMPANY OF CANADA, SUN LIFE ASSURANCE COMPANY OF CANADA (U.S); and DOES 1 to 100,<br><br>　　　　　　　　　　　Defendants. | Case No.: 21-cv-0008-GPC-WVG<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AUGMENT THE ADMINISTRATIVE RECORD**<br><br>**[ECF No. 20]** |

Before the Court is Plaintiff Michele McCluer's ("Plaintiff") motion to augment the administrative record and thereby expand the scope of the Court's *de novo* review of Defendants' denial of Accidental Death Benefits from a Group Policy issued by Sun Life Assurance Company of Canada[1] ("Defendants" or "Sun Life"), to her now-deceased husband, Neil McCluer ("Decedent" or "Mr. McCluer"). ECF No. 20-4, Pl.'s Mot. at 5.[2]

---

[1] Along with Sun Life Assurance Company of Canada, named Defendants include Sun Life's American company, Sun Life Assurance (U.S.), and Does 1 to 100.

[2] Unless otherwise indicated, the Court refers to the pagination generated by CM/ECF when it refers to documents in the record.

Defendants opposed the motion, ECF No. 24, and Plaintiff' replied, ECF No. 25.  For the reasons set forth below, the Court **DENIES** Plaintiff's motion without prejudice.

Further, the Court finds this motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1 (d)(1) and **VACATES** the hearing on this matter.

## FACTUAL BACKGROUND

Neil McCluer ("Decedent") died tragically and suddenly on the morning of July 15, 2019 while on a cruise vacation with his wife and two children.  ECF No. 20-4, Pl.'s Mot. at 7.  After his death, Mr. McCluer's wife, Plaintiff Michele McCluer submitted a claim for the life insurance benefits, and the Accidental Death Benefit ("ADB") pursuant to Mr. McCluer's life insurance policy employee benefits through his employer, Gemalto, Inc.  *Id.*  Defendant Sun Life processed Plaintiff's claim for Mr. McCluer's life insurance benefits, and sent a check to Plaintiff for that claim, but requested additional information relating to Mr. McCluer's autopsy and toxicology reports to evaluate the Accidental Death Benefit claim.  ECF No. 27-2 at 154 (Ex. 7).[3]  Defendants then sent a number of follow-up reminders asking Plaintiff to submit the reports.  *See* ECF No. 27-2 at 160 (Ex. 7). After Plaintiff collected the requested documents, she furnished them to Sun Life on March 3, 2020, and informed the benefits analyst responsible for her husband's claims that she believed Mr. McCluer's death was caused by an accidental overdose.  Pl.'s Mot. at 7; ECF No. 27-2 at 167, 184 (Ex. 8).  Defendants ultimately denied Plaintiff's claim, ECF No. 27-2 at 186 (Ex. 9).  Plaintiff's counsel then initiated the appeal, renewing the claim about Mr. McCluer's accidental overdose, ECF No. 27-2 at 197 (Ex. 12), and Defendants affirmed the rejection of Plaintiff's claim on October 6, 2020, ECF No. 27-2 at 209 (Ex. 3).  In the letter rejecting Plaintiff's appeal, Sun Life explained that after a

---

[3] For references to Plaintiff's exhibits, the Court refers to the CM/ECF pagination within ECF No. 27-1 and 27-2, and indicates the exhibit number parenthetically for ease of review across the filings.

review of Mr. McCluer's file, and with the opinion of an independent retained toxicologist, "Neil McCluer's death was not the result of an Accidental Bodily Injury as defined by the Group Policy and benefits are not payable." ECF No. 27-2 at 212 (Ex. 13).

## PROCEDURAL BACKGROUND

Plaintiff first brought this action against Defendants in the San Diego County Superior Court on November 3, 2020. *See* ECF No 1-4, Pl.'s State Compl. In her Complaint, Plaintiff sued Defendants for damages, and alleged that by denying Plaintiff's Accidental Death Benefits, Defendants were liable for breach of insurance, breach of the covenant of good faith and fair dealing, and for violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq*. ("ERISA"), seeking benefits pursuant to section 502(a)(1)(B). *Id.* at 4-5.

On January 4, 2021, Defendants timely removed Plaintiff's action to federal court pursuant to federal diversity jurisdiction, ECF No. 1 at 1-3, and federal question jurisdiction, *id.* at 4-7, under 28 U.S.C. §§ 1331 and 1332. In the Notice of Removal, Defendants asserted this Court has jurisdiction over the Plaintiff's case because the complaint sought to recover benefits due under the Decedent's employee welfare benefit plan, which is governed by ERISA. ECF No. 1 at 5. For her part, Plaintiff did not contest Defendant's removal of the action to state court by moving to remand the case under 28 U.S.C. § 1447(c). *See Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir. 2014).

## DISCUSSION

### I.     Legal Standard

A claim of denial of benefits in an action governed by ERISA "is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine the eligibility of benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *Montour v.*

*Hartford Life & Acc. Ins. Co.*, 588 F.3d 623, 629 (9th Cir. 2009).  Absent exceptional circumstances, evidence in ERISA cases is limited to the administrative record that was before the claim administrator at the time the claim determination was made.  *See Opeta v. Northwest Airlines Pension Plan*, 484 F.3d 1211, 1217 (9th Cir. 2007) (quoting *Quesinberry v. Life Ins. Co. of North America*, 987 F.2d 1017, 1025 (4th Cir. 1993) (en banc) ("[i]n most cases, where additional evidence is not necessary for adequate review of the benefits decision, the district court should only look at the evidence that was before the claim administrator.")).

In *Opeta*, the Ninth Circuit looked to the Fourth Circuit's *Quesinberry* opinion and its non-exhaustive list of "exceptional circumstances" for guidance on where additional facts could be necessary to the district court's review.  *Opeta*, 484 F.3d at 1217.  The list includes claims that require consideration of complex medical questions or issues regarding the credibility of medical experts; the availability of very limited administrative review procedures with little or no evidentiary record; the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical fact; and circumstances in which there is additional evidence that the claimant could not have presented in the administrative process.  *See id.* (citing *Quesinberry*, 987 F.2d at 1027).

A district court should exercise its discretion to consider evidence outside the administrative record "only when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision."  *Mongeluzo v. Baxter Travenol Long Term Disability Ben. Plan*, 46 F.3d 938, 944 (9th Cir. 1995) (quoting *Quesinberry*, 987 F.2d at 1025).  Such a determination by the district court is reviewed for an abuse of discretion.  *Opeta*, 484 F.3d at 1216 (citing *Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 985 (9th Cir. 2001)).

/ / /

/ / /

## II.   Analysis

Relying on *Mongeluzo*, Plaintiff contends that Defendants misconstrued the critical policy term "Accidental Bodily Injury" in denying Plaintiff's claim for Mr. McCluer's ADB benefits and that the Court must consider unidentified additional evidence outside the administrative record in order to conduct an adequate *de novo* review of the benefit decision.  Pl.'s Mot. at 5-6. Given that Plaintiff has failed to specifically identify what evidence it seeks to add to the record, the Court DENIES the motion without prejudice until review of the benefit decision is conducted.

In *Mongeluzo*, an insured developed severe fatigue that prevented him from working and was granted 24-months of disability benefits.  His disability plan administrator then concluded that Mongeluzo's disability was caused by a "mental illness" or a "functional nervous disorder" which were conditions under the disability policy that limited disability coverage to a 24-month period.  After his administrative appeal was denied, Mongeluzo was seen by an immunologist who opined that Mongeluzo "had been disabled from [chronic fatigue syndrome] since April 1986 and that his disability was not caused by a mental illness or functional nervous disorder." *Mongeluzo*, 46 F.3d at 941.  In federal court, on Defendant's motion for summary judgment, Mongeluzo asked the district court to consider the diagnosis of chronic fatigue syndrome because it had been unavailable when he (1) became disabled in 1986, (2) presented a claim for disability benefits to CIGNA in 1988; and (3) appealed to CIGNA in 1989. *Id*. The district court declined to consider the new evidence, granted summary judgment in favor of the Defendant and Mongeluzo appealed.  The Ninth Circuit reversed finding the critical terms of the plan were ambiguous and created a genuine issue of material fact as to whether Mongeluzo's symptoms constituted a "mental illness" or a "functional nervous disorder."  The court observed that additional evidence on remand was warranted where the original hearing was conducted under a misconception of law; that is, the meaning of

"mental illness" or "functional nervous disorder." *Id*. at 944.  Therefore, the court instructed the district court on remand to consider evidence regarding chronic fatigue syndrome as one possible explanation for the disability that Mongeluzo had experienced.

Here, in defining "Accidental Bodily Injury", the claims adjuster applied the limiting definition: "bodily harm caused solely by external, violent and accidental means which is sustained directly and independently of all other causes."  ECF No. 20-4, Pl.'s Mot. at 5, 11; *see* ECF No. 27-2 at 186 (Ex. 9).  Plaintiff submits that the limiting definition of "Accidental Bodily Injury" was not sufficiently conspicuous so as to be controlling.  As such, Defendants' denial of benefits was based on a misconception of the law, which justifies an expansion of the record for the Court's *de novo* review based on the Ninth Circuit's holding in *Mongeluzo*.  Pl.'s Mot. at 4, 11-12; ECF No. 25, Pl.'s Reply at 3.

As a starting point, Plaintiff has sought to "submit additional evidence outside of the administrative record," Pl.'s Mot. at 6, but, as Defendants note, Plaintiff does not specify what exactly that additional evidence would be, Defs.' Opp. at 6.  To assuage this concern, Plaintiff assured the Court "Plaintiff is not asking the Court to predetermine what specific evidence it will consider at trial" but that she is "simply asking that she be granted leave to submit evidence outside of the administrative record."  Pl.'s Mot. at 6.  This assurance does not mollify the Court's concern about granting a request to supplement the record with currently-unspecified materials.  Bare statements that "there is some real substance behind Plaintiff's arguments," ECF No. 20-4 at 19, by submitting a declaration from an expert is not sufficient when making a request to open the record, an action district courts can only take when exceptional circumstances "clearly establish" further information is "absolutely necessary to perform an adequate review," *Mongeluzo*, 46 F.3d at 944.

In this case, Plaintiff is requesting open-ended permission to augment the record with unidentified evidence. *Mongeluzo* does not support such a "cart before the horse" approach. At trial or upon the filing of motions for summary judgment, the Court will consider Plaintiff's argument that the limiting definition of a critical term was inconspicuous, and that the inconspicuous placement of the critical terms led Plaintiff to develop a "reasonable expectation" that the circumstances of Mr. McCluer's death would qualify as "Accidental Bodily Injury". At that time, the Court will entertain a request to augment the record with specifically identified evidence.

## CONCLUSION

Ultimately, the decision whether to allow a plaintiff to augment the administrative record for the district court's *de novo* review is a determination squarely within the court's discretion, which it should exercise only when additional information is *necessary* to perform an adequate review. *Mongeluzo*, 46 F.3d at 944. In this case, Plaintiff has failed to demonstrate what information she seeks to add to the record, why such information is necessary for a *de novo* review, or why this information was unavailable when Defendants reviewed Plaintiff's ADB claim at the outset. Such an open-ended request wholly contravenes the Ninth Circuit's instructions in *Mongeluzo* and its progeny to only grant leave to augment the record when absolutely necessary. For the foregoing reasons, the Court **DENIES** without prejudice Plaintiff's motion to augment the administrative record. Plaintiff may renew the request upon *de novo* review of the denial of benefits.

**IT IS SO ORDERED.**

Dated: November 9, 2021

Hon. Gonzalo P. Curiel
United States District Judge